UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SINGLETON ROTH,

Plaintiff,

v. Case No. 8:26-cv-3480-JLB-AAS

SHERIFF GRADY JUDD, *et al.*,

Defendants.
________________________________/

**ORDER**

Mr. Roth, a Florida pretrial detainee at the Polk County Jail, filed a Civil Rights Complaint (Complaint). (Doc. 1). After reviewing the Complaint as required by 28 U.S.C. § 1915A,[1] the Court concludes that the Complaint must be dismissed without prejudice.

In his Complaint, Mr. Roth alleges, in conclusory fashion, several violations of his rights during his arrest, in his criminal proceedings, and at

---

[1] Section 1915A states in pertinent part that:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint...is frivolous, malicious, or fails to state a claim upon which relief may be granted….

Polk County Jail. (Doc. 1 at 8–9). As relief, he seeks dismissal of his criminal charges, release from detainment, and monetary damages. (*Id*. at 10).

Mr. Roth must raise his challenge to his criminal charges and detainment in a habeas corpus petition, not a civil rights violation complaint. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786-87 (11th Cir. 2017) ("[A]n inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief." (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005))).

Accordingly, it is **ORDERED** that:

1. The Complaint (Doc. 1) is **DISMISSED** without prejudice under section 1915A. If Mr. Roth wants to pursue both a habeas corpus claim under 28 U.S.C. § 2241 and a civil rights violation claim under 42 U.S.C. § 1983, he must file separate actions for the different types of claims and either pay the filing fees for each or move to proceed *in forma pauperis* in each case.

2. The motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

3. The Clerk must: 1) send, along with a copy of this Order, these forms to Mr. Roth: (a) Complaint for Violation of Civil Rights (Prisoner); (b) Affidavit of Indigency (2 copies); and (c) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; and 2) close this case.

**DONE and ORDERED in Tampa, Florida, on November 23, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE